IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| WASEEM DAKER, | : |
| Petitioner, | : CIVIL ACTION NO.<br>: 1:04-CV-0662-RWS |
| v. | : |
| JACQUELYN BARRETT, Sheriff, | : |
| Respondent. | : |

## ORDER

Presently before the Court for consideration are Petitioner's Motion to Amend and Vacate Judgment and Order [20] and his Notice of Appeal [21]. After reviewing the record, the Court enters the following Order.

### Background

Petitioner brought this 28 U.S.C. § 2254 habeas corpus petition in early March of 2004 seeking to challenge the constitutionality of his aggravated stalking convictions in a Cobb County Superior Court. In an Order dated August 1, 2005, this Court dismissed the petition, observing that Petitioner had

not yet exhausted the remedies available to him in the state courts, and that the facts he presented in his motion did not demonstrate that the delay he had endured in the Georgia courts rendered the State corrective process sufficiently "ineffective" to excuse such non-exhaustion within the meaning of 28 U.S.C. § 2354(b).  (Aug. 1, 2005 Order [18].)  Petitioner now moves the Court to vacate or amend that Order, and seeks a certificate of appealability.

## Discussion

### I.  Motion to Vacate

In Petitioner's Motion to Vacate, he urges that the Court's August 2005 Order "is erroneous for numerous reasons."  The identified "errors," some of which do no more than reiterate or expound upon arguments previously raised and rejected by the Court, fail to convince the Court that it should abandon the principles of comity relied upon in its earlier ruling or deem the state process "ineffective" within the meaning of 28 U.S.C. § 2254(b).  That said, the Court will amend its Order to expressly retain jurisdiction over this controversy pending the exhaustion of the state corrective process.

Turning to Petitioner's specific, enumerated arguments, he first states that the Court's observation that "the petition itself is silent" regarding the factors

that led to the challenged delay was inaccurate because his later motion did discuss such factors.  As the Order makes clear, however, the Court did not ignore the reasoning presented in Petitioner's motion.  It only remarked that his *petition* ("itself") did not set forth any explanation regarding the delay.  The statement was not inaccurate.

Second, Petitioner contends that the Court erred in attributing the delay before the state court, in part, to him by observing that, *inter alia*, he had filed a motion to recuse the state habeas judge.  He states that O.C.G.A. § 15-6-21 required that his recusal motion be resolved within ninety days, but that here it was not addressed for approximately a year.  See O.C.G.A. § 15-6-21 ("In all counties with more than 100,000 inhabitants, it shall be the duty of the judge of the superior, state, or city court, unless providentially hindered or unless counsel for the plaintiff and the defendant agree in writing to extend the time, to decide promptly, within 90 days after the same have been argued before him or submitted to him without argument, all motions for new trials, injunctions, demurrers, and all other motions of any nature.").

The Court appreciates that the state court did not resolve Petitioner's motion with the haste contemplated by the statute.  Nevertheless, it has found no

authority, and Petitioner has cited none, suggesting that anything other than strict compliance with state-established procedural deadlines renders state corrective processes statutorily "ineffective."  Moreover, the relevant inquiry is not whether the state court is entirely blameless in bringing about the challenged delay.  Rather, "courts are to excuse noncompliance with the exhaustion doctrine *only* if the inordinate delay is wholly and completely the fault of the state." Deters v. Collins, 985 F.2d 789, 796 (5th Cir. 1993) (emphasis in original); see also Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 679 (11th Cir. 1985) (three and one-half year delay, one year of which resulted from clerical error, related to motion for post-conviction relief does not excuse exhaustion when state court had attempted to provide petitioner with hearing).  Here, that has not been shown to be the case.[1]

---

[1] Petitioner's recusal motion was but one aspect of his litigiousness the Court found contributed to the challenged delay.  As another example, the Court observed that before pursuing habeas, Petitioner also attempted to challenge his sentence in the state courts through impermissible vehicles, such as mandamus and requests for declaratory relief. (See Aug. 1, 2005 Order [18] at 4 n.2.)  These time-consuming efforts were rejected by the Georgia Supreme Court, which held "the exclusive remedy [available to plaintiff] is a petition for a writ of habeas corpus." Daker v. Ray, 563 S.E.2d 429, 430 (Ga. 2002).  Such misguided attacks on his conviction likewise establish that "the inordinate delay" Petitioner complains of was not "wholly and completely the fault of the state." Deters, 985 F.2d at 796.

Third, Petitioner objects to the Court's observation that "the trial court has engaged in hearings in his case since the initiation of this lawsuit." (Aug. 1, 2005 Order [18] at 7.) He points out that he conceded the existence of only one such hearing in his papers, and thus the use of the plural "hearings" was improper. His point is, from a strictly grammatical perspective, well-taken, but the fact he received only one such hearing (as well as the other contentions put forward in ¶ 5 of his Motion) does not convince the Court that a contrary resolution of his motion is appropriate.

Fourth, Petitioner reiterates his position that the state proceedings were ineffective because the state court hearing was held only after this Court ordered the federal petition served on the State. Without question, a state court's decision to take action on a habeas petition once it learns that the prisoner has begun to pursue federal habeas relief does not "cure" the preexisting ineffectiveness of the state corrective process. Palmer v. Judge and Dist. Attorney Gen. of Thirteenth Judicial Dist., 411 F. Supp. 1029, 1034 (D.C. Tenn. 1976) (denial of hearing or other disposition of petition to petitioner for five, and perhaps as long as eight years, was not remedied by state's indication that it was ready to act at time federal relief was sought). That said, Petitioner has not

5

shown that the habeas court's delay here, albeit of several months, to address his outstanding motions before granting him a hearing was indicative of an impermissibly dilatory process, or that it was service of the federal petition that finally prompted the State to act. Simply stated, the Court does not find the concomitance of events relied upon by Petitioner to undermine the effectiveness of the corrective process in the state courts.

 Fifth, Petitioner asserts that, since he filed his original response to Respondent's Motion to Dismiss, Fulton County transferred his case to a Cobb County Court. He states, without citation to authority or further explanation, that Cobb County is without jurisdiction to hear his petition, and that this transfer also underscores the ineffectiveness of the state process.

 The Court would tend to agree with Petitioner that a state habeas court's decision to transfer a petition to another county's courts, either when the transferee court is without jurisdiction, or when the transferor court lacks a legitimate reason to do so, would be compelling evidence in support of the ineffectiveness of the state corrective process. Here, however, Petitioner has neglected to provide any evidence that the transfer in fact occurred; has not stated what explanation, if any, was given by the Fulton County Court for the

6

transfer; and has not shown that the Cobb County Court is without jurisdiction to hear his petition.[2]  On this record, therefore, the Court is not inclined to reconsider its decision.

Finally, Petitioner argues that this Court should stay its consideration of his habeas petition pending his exhaustion of the state corrective process, rather than dismiss the petition outright.  He urges that, given the exceedingly short time he has remaining in custody, dismissal without the retention of jurisdiction will necessarily leave him unable to seek review of his conviction in the federal forum.  See 28 U.S.C. § 2241; Carafas v. LaVallee, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968) (petitioner must be "in custody" to bring federal habeas petition); Tinder v. Paula, 725 F.2d 801, 805 (1st Cir. 1984) (unincarcerated petitioner did not satisfy the "in custody" requirement notwithstanding fact that he was in custody at the time his original federal habeas

---

[2]The Georgia Supreme Court recently held that a state habeas court is free to transfer a case to the county in which the prisoner is presently detained "so long as the petitioner's transfer is not done to frustrate habeas relief."  See Preer v. Johnson, 610 S.E.2d 46, 47 (Ga. 2005); see also O.C.G.A. § 9-14-43 (providing for habeas jurisdiction, as a general rule, in "superior court of the county in which the petitioner is being detained").  Petitioner has not shown where he was detained at the time of the transfer, or that any transfer from Fulton County was effected to impede his ability to prevail on the petition.

petition was filed because original petition was dismissed for failure to exhaust state remedies and court declined to retain jurisdiction over the petition).

In view of Petitioner's now imminent release from prison, and thus, the inability of Petitioner to reinitiate a federal habeas action while still "in custody," 28 U.S.C. § 2254(a), the Court agrees that retention of jurisdiction over this matter would be appropriate. See Tinder, 725 F.2d at 805 ("Whether jurisdiction over a claim for habeas relief should be retained pending exhaustion of state court remedies is generally a matter within the discretion of the dismissing court."). To that end, the Court hereby **AMENDS** its prior Order *nunc pro tunc*, and, in lieu of dismissing the petition, retains jurisdiction over this controversy but holds these proceedings in abeyance until such time as Petitioner has either exhausted the state corrective processes, or those processes are demonstrated ineffective. Cf. Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) ("there is no reason why a district court should not retain jurisdiction over a . . . claim and stay further proceedings pending the complete exhaustion of state remedies") (J. Stevens, concurring).

## II.   Application for Certificate of Appealability

On September 19, 2005, Petitioner filed with this Court a "Notice of Appeal," which the Court must treat as an application for certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).  Therein, he seeks to appeal this Court's ruling dismissing his habeas petition for failure to exhaust the state corrective process.  In light of this Court's determination, *supra*, the challenged Order no longer reflects the holding of this Court.  For that reason, Petitioner's application for a certificate of appealability is **DENIED as MOOT**.[3]

## Conclusion

Petitioner's Motion to Amend and Vacate Judgment and Order [20] is **GRANTED**.  The Court hereby **AMENDS** its prior Order, and, in lieu of dismissing the petition, retains jurisdiction over this controversy but holds it in abeyance until such time as Petitioner has either exhausted the state corrective processes, or those processes are demonstrated ineffective.  Petitioner's Notice

---

[3] Nothing in this Order should be read as precluding Petitioner from seeking a subsequent certificate of appealability to obtain review of this Court's Order as it now stands.

9

of Appeal [21], treated as an application for certificate of appealability, is accordingly **DENIED as MOOT**.

    **SO ORDERED** this   25th   day of October, 2005.


                                  /s/ Richard W. Story
                                  RICHARD W. STORY
                                  UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)